IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                             CRIMINAL NO. 2:09CR6-DPJ-DAS

JASON OWENS

## ORDER

This matter is before the court on motion of the defendant for production and disclosure of expert witness, expert reports, and opinions (# 26). Also before the court are the defendant's motions for the government's agents to retain rough notes and to produce the notes prior to trial ( 28); for a bill of particulars (# 30) and a supplemental bill of particulars (# 35). After considering the motions and the responses thereto, the court finds as follows:

### 1. Expert Witness, Reports, and Opinions

With his first motion the defendant refers to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and asks that the government produce a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary requested would describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. In its response, the government explains it does intend to call Agent Vicki Roberts to testify. Agent Roberts, who is trained in computer analysis and examination, examined the computer seized in the present action. The government states specifically that "[h]er testimony will . . . be based on her training in preservation of computer evidence and use of computer hardware and software to preserve forensic copies of computer storage devices and use of certain software programs to search and

1

examine said forensic copies of computer storage devices."

The law is clear that [t]estimony regarding law enforcement protocols and evidence gathering is the product of specialized knowledge, and thus, constitutes expert testimony under Rule 702. *United States v. Oriedo*, 498 F.3d 593, 603 (5th Cir. 2007). It is also clear based on the government's response that Agent Roberts' testimony will not be limited to what she observed in the search, but rather she will bring her experience as an investigator to bear on those observations and make connections for the jury based on her specialized knowledge. *Oriedo*, 498 F.3d at 603. Consequently, this information falls squarely within the dictates provided by Rule 16(a)(1)(G), and the defendant's motion shall be granted. The government is hereby ordered to provide to the defendant that information mandated by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This includes a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The government shall produce this information no later than August 12, 2009.

## 2. Rough Notes

Next, the defendant asks that the court order the law enforcement officers involved in the present action to retain and preserve all rough notes, field notes, handwritten notes, or recordings taken as a part of their investigation, notwithstanding whether the contents of these notes are incorporated in an official record such as an FBI 302. In support of his motion, the defendant refers to *Brady v. Maryland*, 373 U.S. 83 (1963) and the Jencks Act.

The government responds, pointing to the Fifth Circuit's holding "that an FBI agent's notes of his interview are not Brady material, absent some independent showing that they contain evidence that is material to guilt or punishment." *United States v. Martin*, 565 F.2d 362, 364 (5th

Cir., Unit B, 1978). In the present case, there has been no such showing. Moreover, the government is under an obligation to abide by the law as set forth in the *Brady* decision, and the court must rely on the government's good faith. Without an independent showing that the notes contain evidence material to guilt or punishment, courts would be inundated in virtually every case with motions to review in camera every note, document, object, etc. held by the government but not produced. Such a procedure would obviously be unworkable.

The defendant also relies on the Jencks Act for production of the notes. However, the Fifth Circuit has made it equally clear that rough notes do not constitute witness statements under the Jencks Act. Under the Jencks Act, a "statement" is: (1) a written statement signed or otherwise adopted or approved by the witness, or (2) a "substantially verbatim recital" of an oral statement made by the witness. 18 U.S.C. § 3500; *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990). An agent's interview notes thus are not "statements" of the witness interviewed unless the witness "signed, read, or heard the entire document read." *United States v.* Thomas, 12 F.3d 1350, 1364 (5th Cir. 1994) (quoting *Pierce*, 893 F.2d at 675). Because there is nothing before the court to suggest that the rough notes at issue were adopted by the defendant or were a substantially verbatim recital of the interview(s), the court finds the notes do not fall under the Jencks Act.[1]

---

[1] Even assuming the notes did fall under the definition supplied by the Jencks Act, they would not be discoverable at this point. The plain wording of the statute precludes any defense right to statements of witnesses until the witness has completed his or her direct testimony at the trial of the case. Therefore, there is no pre-trial discovery right concerning the statements of government witnesses or prospective government witnesses. This has long been the rule in the Fifth Circuit. *See, e.g., United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979) (holding that pretrial discovery order was invalid to extent it allowed discovery beyond the limitations of the Jencks Act); *United States v. Ramirez*, 506 F.2d 742 (5th Cir. 1975).

### 3. Bill of Particulars

Finally, the defendant moves the court for a bill of particulars, arguing that the allegations set forth in the indictment are conclusory, vague, and overbroad. The government responds, stating that the indictment tracks the statutory language of 18 U.S.C. § 2252(a)(1) and 2252(a)(5)(B) and sufficiently apprises the defendant of how and when he violated these sections.

Both parties point out that Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The adequacy of an indictment is determined "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, . . . (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983)). Further, to comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case. *Lavergne*, 805 F.2d at 521. An indictment that identifies a range of dates and a generalized area, such as the Northern District of Mississippi, is sufficiently particular to establish the dates and location of the conspiracy. *Ellender*, 947 F.2d at 755-56. In other words, the bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980).

In the present case, count one of the indictment charges the defendant with transporting/shipping images of child pornography in interstate commerce from Mississippi to

Colorado on August 21, 2007. Count two charges the defendant with possessing a computer on May 23, 2008 that contained child pornography that had been shipped in interstate commerce. The government also identified the penalties for both charges. *See* 18 U.S.C. §§ 2252A(b)(1) and (b)(2).

Counts one and two identify with sufficient particularity the elements of the crime of transporting/shipping and possessing child pornography. The indictment alleges that the defendant transported/shipped child pornography from Mississippi to Colorado on August 21, 2007, and the court finds this is certainly enough detail for the defendant to prepare his defense. Count two charges that he defendant possessed a computer containing child pornography on May 23, 2008. Based on earlier motions filed by the defendant, the court understands that the defendant is certainly aware of *which* computer allegedly contained the images. Therefore, the court finds that there is sufficient detail to allow the defendant to initiate his defense against both of the crimes with which he is charged in the indictment. Accordingly, the defendant's motion and supplemental motion for a bill of particulars shall be denied.

IT IS, THEREFORE, ORDERED that the defendant's motion for production and disclosure of expert witness and expert report and opinions (# 26) is hereby GRANTED. The government is hereby ordered to provide to the defendant that information mandated by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This includes a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The government shall produce this information no later than August 12, 2009.

IT IS FURTHER ORDERED that the defendant's motions for the government's agents to

retain rough notes and to produce the notes prior to trial (# 28) is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motions for a bill of particulars (# 30) and a supplemental bill of particulars (# 35) are hereby DENIED.

SO ORDERED, this the 7th day of August 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE