UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL CASE NO. 2:09CR6-DPJ-DAS

JASON OWENS

ORDER

This criminal matter is before the Court on three motions in limine filed by Defendant [Docket Nos. 53, 54, 70]. Having fully considered the parties' submissions, the evidence and testimony taken at two evidentiary hearings, and the applicable law, the Court finds that Defendant's motions should be granted in part and denied in part.

Several of the pending motions relate to a statement Defendant allegedly gave to FBI Special Agent Justin Newsome in May 2008. According to Newsome's report and his testimony at two hearings, Defendant admitted to saving images of child pornography under the user name jasonz_14@Yahoo.com ("jasonz_14") in his Yahoo! Photos account. Evidence introduced at one of the two hearings on these matters indicated that images of child pornography were last uploaded to Yahoo! Photos in November 2002. Defendant claimed in the statement that he also stored non-pornographic images at Yahoo! Photos under the user name shiloe26@yahoo.com ("shiloe26").

In 2008, Yahoo! informed its customers that it would no longer store images and asked the customers to elect a new storage site. According to Defendant's statement, he elected to transfer the shiloe26 images to Photobucket, and documents substantiate that request on or about August 21, 2008. Shortly thereafter, Yahoo! transferred a set of non-pornographic images to Photobucket. Over one month later, with no record evidence of a second request, Yahoo!

transferred another set of images that included images the Government contends are child pornography, including images of boys.

Agents later found a number of the transferred images in thumbnail format on a work computer to which Defendant had access.  The computer's hard drive also contained non-pornographic images belonging to Defendant.  When asked by Agent Newsome to explain the images downloaded and viewed on the computer, Defendant allegedly stated that "he must have viewed the images containing child pornography on his workstation when viewing his other family and friends photographs on the newly opened Photobucket.com account." (FBI Report of Interview with Def. [Docket No. 37 Attach. 1].)  He denied, however, having requested transfer of the pornographic images he claimed were stored exclusively under the jasonz_14 user name.

Defendant was charged in a two-count indictment with transporting images of child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1), 2256A(2), 2256(8)(A) and (B), and 2 (Count One) and possessing a computer containing images of child pornography that had traveled in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A) (Count Two).

**I.    Defendant's Motion in Limine [53]**

   A.    Evidence Related to Minor Living with Defendant

Defendant first objects, pursuant to Federal Rules of Evidence 402 and 403, to any evidence related to an under-aged male now living with Defendant.  The Government argues in response that the information is "innocuous at best" or that it may "become relevant."  (Resp. [57] to Def.'s Mot. in Limine [53] ¶ 1.)  In doing so, it fails to demonstrate any probative value.  Weighed against this lack of probative value is the real threat that a juror might impermissibly



find that the arrangement is improper or that the child must be protected. The risk of unfair prejudice or confusion therefore substantially outweighs the evidence's probative value. The motion is granted as to this evidence.

      B.      <u>Statements Contained in Agent Newsome's Report</u>

Defendant next objects to the admission of any reference to his decision to invoke his Fifth Amendment rights. According to Agent Newsome's report and his unrebutted testimony, Defendant initially confessed during an interview conducted in his home. Defendant agreed to appear the following day at FBI headquarters to assist further, but upon arrival he announced that, on an attorney's advice, he would no longer cooperate and would not "help [the agent] build a case against [him]." Without any questioning from Newsome, Defendant walked out, adding as he left "that he did not, at any time, realize he was breaking any local, state, or federal laws [and that he] believed if an individual could access content on the internet, it was legal to view." The Government conceded in response that it would not suggest to the jury that Defendant had invoked his Fifth Amendment rights but claimed that it should be allowed to inform the jury of the above-quoted statements.

As for the first statement, Defendant said he would not help the government build a case against him. While not artful, the statement is a clear invocation of his right against self-incrimination. It is fundamental that a Defendant's decision to exercise this Fifth Amendment right carries no probative value. Conversely, the risk of unfair prejudice and confusion are evident and substantially outweigh the statement's probative value. *See United States v. Hale*, 422 U.S. 171, 180 (1975) (recognizing the "strong negative inference that the jury is likely to

draw from the fact that the defendant remained silent at the time of his arrest"). Defendant's motion is granted as to his decision to remain silent and this specific disputed statement.

The second statement, regarding Defendant's belief that he did not violate the law and could legally view images on the Internet, does not indicate a decision to remain silent. Quite the opposite, the statement demonstrates Defendant's decision to forego that right. The question becomes whether an incriminatory statement may be admitted if made after a defendant has invoked the right to remain silent and right to counsel. In *Miranda v. Arizona*, the Court established that, when a suspect in custody requests an attorney during his interrogation, all questioning must cease until he is given the opportunity to consult with counsel. 384 U.S. 436, 444 (1966). As an initial point, the visit to FBI headquarters was non-custodial. Defendant walked in, asserted his rights, and walked out. *See California v. Beheler,* 463 U.S. 1121, 1125 (1983). In addition, Defendant volunteered the statement without any questioning from Agent Newsome. Thus, there was no interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 302 (1980). "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Miranda*, 384 U.S. at 478. Even in a custodial setting, statements made after invoking the right to counsel are admissible if there has been no interrogation. *Innis*, 446 U.S. at 301-02.

Finally, Defendant makes general relevance and prejudice arguments regarding this second statement. However, the statement is relevant to the *actus reus* of the offense, and the risk of confusion or unfair prejudice does not substantially outweigh the probative value of the evidence. Fed. R. Evid. 403. Defendant's arguments go to the weight of the evidence. Accordingly, Defendant's motion is denied as to the second statement.

## II. Defendant's Second Motion in Limine [54]

Defendant's second motion encompasses a number of issues, the first set of which are generally related to the nature of the indictment. As stated above, Defendant claims that all pornographic images were stored under the user name jasonz_14. However, Count One of the Indictment (the transportation count) identifies Defendant as "JASON OWENS, aka shiloe26." Count Two (the possession count) charges Defendant with possessing a computer that contains images of child pornography. Thus, the images addressed in the possession count are not necessarily the same as those forming the basis of the transportation count—that is, the possession count does not charge Defendant with possession of the images he admitted storing in Yahoo! Photos but is instead limited to those images later found on the computer's hard drive.[1]

All of this creates a discrepancy upon which Defendant bases the first half of this motion. If Defendant's account is believed, the images that were transferred and the ones on his hard drive were not images he ever possessed or knowingly transferred as shiloe26. Based on that, Defendant's Second Motion in Limine seeks to exclude any evidence related to his activities several years prior to the transfer and those related to images he claims were saved under jasonz_14. More specifically, Defendant claims that the following evidence relates to other acts and should be excluded under Rule 404(b):

- Defendant's statement that he joined certain Yahoo! groups in 2000 after his divorce to view child pornography and download various images.

- Any statements not specifically related to shiloe26 images as opposed to pornographic images in general.

---

[1]The Government confirmed this during the second hearing.

- The admission that he encountered problems with computer viruses and downloaded illegal images, because it does not relate to the period of the indictment.

"The proper test to apply in deciding the admissibility of 'similar acts' or 'other acts' evidence depends upon whether the evidence in question is 'intrinsic' or 'extrinsic' evidence." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990). "Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Yi*, 460 F.3d 623, 632 (5th Cir. 2006). Such evidence is admissible "to complete the story of the crime by proving the immediate context of events in time and place." *United States v. Taylor*, 210 F.3d 311, 317 (5th Cir. 2000). According to the Government, all of the information conveyed in the disputed statements is inextricably intertwined and therefore intrinsic. The Court agrees.

The hearing evidence sufficiently demonstrated that the images Defendant is charged with possessing in Count Two were initially stored in Yahoo! Photos, transferred to Photobucket, and thereafter downloaded onto his work computer. Whether they originated from the jasonz_14 or shiloe26 account, the images addressed in Count Two were found on the subject computer. Thus, under the Government's theory of the case, Defendant's statements relate to the act of saving the very images addressed in Count Two. The statements also relate to the time period when the images were saved in Defendant's Yahoo! Photos account. Accordingly, the disputed statements provide necessary preliminaries and "provide immediate context of events in time and place." *Taylor*, 210 F.3d at 317. Finally, as the Government notes,

6

statements that would relate both to the indictment images and those not subject to the indictment are intertwined.  In sum, these statements relate to intrinsic, not extrinsic, acts.

It is also worth noting that the jury may reject Defendant's exculpatory comment that the shiloe26 account contained no pornographic images.  If Yahoo! Photos transferred pornographic images upon request to transfer shiloe26's images, then that provides circumstantial evidence that at least some of the pornographic images were stored under that user name.  Defendant may of course argue that he never intended to transfer any pornographic images, but the jury must decide how much of his confession to accept or reject.  Defendant's argument goes to weight, not admissibility.

Even if the Court were to fully credit Defendant's account and somehow limit the statements to those exclusively dealing with shiloe26, evidence related to the jasonz_14 images would still be admitted under Rule 404(b).  The rule reads as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).

As a threshold issue, the Court must determine whether the Government has provided evidence sufficient to allow a reasonable jury to find that the defendant committed the prior acts. *United States v. Gonzalez-Lira* 936 F.2d 184, 190 (5th Cir. 1991).  Defendant's confession satisfies this inquiry.  Next, the district court must conduct a two-part test and determine: (1) that the extrinsic evidence is relevant to an issue other than the defendant's character, and, if so, (2) that the probative value of the evidence is not substantially outweighed by its undue prejudice. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978).

7

The Fifth Circuit has consistently held that possession of pornographic images other than those reflected in the indictment satisfies the first prong of the *Beechum* test because such possession is probative of issues other than character, such as intent, lack of mistake, knowledge, and the like. *See, e.g.*, *United States v. Goff*, 155 F. App'x 773, 776 (5th Cir. 2005); *United States v. Layne*, 43 F.3d 127, 133-34 (5th Cir. 1995). With respect to intent, *Beechum* explains that

> [t]he relevancy of the extrinsic evidence derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense.

582 F.2d at 911. This reasoning seems especially compelling with respect to the possession and transportation of child pornography.

The same is true in the present case. Defendant's statements appear to claim a lack of intent. To the extent it is extrinsic, the challenged evidence directly addresses that defense. So too, the evidence provides motive for initially saving the images; explains how the pornography was found at Yahoo! Photos; demonstrates Defendant's knowledge of viewing, saving, and transporting internet pornography; and contradicts the claim of mistake.

Turning to the second *Beechum* prong, the Fifth Circuit has generally allowed the evidence. *See, e.g., Layne*, 43 F.3d at 133-34. The court did, however, reverse admission of such evidence due to prejudice in one distinguishable case. In *United States v. Grimes*, the court found reversible error in the admission of material that was of a different sexual nature than the photographs forming the basis of the indictment. 244 F.3d 375, 385 (5th Cir. 2001). No such issue exists in the present case. The statements relate to Defendant's means and motives for

8

obtaining the same type of material, including material that was eventually transferred and allegedly viewed on his work computer. In this context, there is little risk of *unfair* prejudice, certainly not enough to substantially outweigh the obvious probative value of the evidence.

Finally, as to the passage of time, the evidence adduced during the hearing demonstrates that the indictment images were saved at Yahoo! Photos through November 2002 and remained there until transferred in 2007. Thus, although six years passed from the time the images were saved until the indictment, the disputed statements relate to the very same time period during which the subject images were initially stored. In any event, the other acts were not too remote in time. *See also United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006) (citing cases upholding use of 15- and 18-year-old extrinsic acts); *United States v. Buchanan*, 70 F.3d 818, 834 (5th Cir. 1995) (affirming introduction of six-year-old conviction under Rule 404(b)); *United States v. Rubio-Gonzalez,* 674 F.2d 1067, 1075 (5th Cir. 1982) (allowing ten-year-old conviction to be admitted as relevant to knowledge). The evidence passes the second *Beechum* prong.

To summarize, the disputed statements relate to intrinsic, not extrinsic acts. However, to the extent there is overlap between conduct related to indictment images and images that were not addressed in the indictment, the evidence would be admissible under Rule 404(b). Defendant's motion is denied.

### III.  Defendant's Fifth Motion in Limine [70]

The Government has produced a CD ("the match CD") containing 71 images found on the hard drive of the computer identified in the indictment. The Government proffers that these

9

same images were also among the images transferred to Photobucket. Defendant seeks to exclude or limit the match CD claiming that

> (1) the danger of prejudice outweighs its probative value;
>
> (2) if admitted, the images should be presented in their native format as they appeared and were accessed on the computer in question;
>
> (3) if admitted, the images should be published in the manner in which they were received by the computer (i.e., based on the date and time they were allegedly received or transported rather than commingled);
>
> (4) if admitted, the jury should be advised as to whether they were accessed;
>
> (5) if admitted, the jury should be advised of the method of storage and whether they were accessed; and
>
> (6) if admitted, the images should be presented in the same resolution in which they appeared on the computer.

Starting with the Rule 403 argument, the images on the match CD form the basis of Count Two of the Indictment. Moreover, the existence of the same images of child pornography on a computer Defendant utilized and in his Photobucket account is clearly probative of Defendant's identity as to both counts of the indictment. This probative value is not substantially outweighed by the risk of unfair prejudice or confusion.

As for the format of the images, Defendant made a similar motion with respect to the CD containing the images transferred from Yahoo! Photos to Photobucket. At the second evidentiary hearing, the Government demonstrated the software it intends to use to publish those images. Counsel for Defendant observed the images as they will appear to the jury and was satisfied with the format. The Government will use this same presentation software with respect to the match CD, and the Court finds that the software fairly and accurately portrays the images.

The Government objects, however, to Defendant's suggestion that the jury should be advised of the matters addressed in the motion and that the pornographic images should not be commingled with other images on the match CD, claiming that this all goes to the weight of the evidence. The Court agrees, to an extent. Starting with the request to advise the jury, Defendant may examine the Government's witnesses, testify if he so chooses, and call his expert to establish matters such as when the images were received, whether they were opened, and how they were stored. This portion of the motion is denied.

However, with respect to the commingling of photographs, the Government has indicated that it will present the match CD as a slide show, and there is a risk of unfair prejudice and confusion if the slide show commingles family photographs with images of child pornography (unless that is the way the images were found on the computer). Defendant's theory of the case appears to be that he never requested transfer of the pornographic images he allegedly saved under the user name jasonz_14. Showing a commingled slide show would suggest that these images were all part of the same transfer and were all viewed by Defendant at the same time. If that is not the case, then the images should not be presented in a way that suggests that it is. This risk substantially outweighs the probative value of presenting images in an order that is not reflective of the manner in which the images were found on the computer. Accordingly, pursuant to Rule 403, this portion of the motion is granted.[2]

---

[2]The Court recognizes that this may not fully answer the question because the images could be sorted in a variety of ways on the computer. If the parties cannot come to an agreement as to a presentation order that is consistent with this holding, then they may again bring the matter before the Court.

**IV. Conclusion**

For the above reasons, Defendant's First [53], Second [54], and Fifth [70] Motions in Limine are granted in part and denied in part. The parties are instructed to contact Courtroom Deputy Ann Nelson to reset this matter for trial. Finally, consistent with prior deadlines and this Court's oral ruling on September 8, 2009, no further motions will be accepted without prior request upon showing of good cause.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE