UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

VS.                                                          CRIMINAL ACTION NO.: 2:09cr6-DPJ-DAS

JASON OWENS

**ORDER**

Defendant Jason Owens was charged in a two-count indictment related to the transfer (Count One) and possession (Count Two) of images of child pornography. He was found guilty of Count One and acquitted of Count Two. Defendant now moves for judgment of acquittal or a new trial. Having considered the parties' submissions and the applicable law, the Court finds that the motion is not well taken and should be denied.

I.      Facts/Procedural History

Evidence at trial suggested that Owens maintained images of male child pornography in an online account with Yahoo! Photos under the user name jasonz_14@yahoo.com ("jasonz_14"). He also stored non-pornographic images at Yahoo! Photos under the user name shiloe26@yahoo.com ("shiloe26").

In 2008, Yahoo! Photos informed its customers that it would no longer store images and asked the customers to elect a new storage site. According to Defendant's testimony, he elected to move the shiloe26 images to Photobucket. Yahoo! Photos then transferred or migrated a set of non-pornographic images from Defendant's shiloe26 account to his new Photobucket account. Over one month later, Yahoo! Photos migrated a batch of images from Defendant's jasonz_14 account to Defendant's Photobucket account. This migration included images of child pornography, but Defendant denies having requested the migration. Federal agents later found a

number of the migrated images of child pornography in thumbnail format on the work computer to which Defendant was assigned. The computer's hard drive also contained non-pornographic images belonging to Defendant.

Count One of the superseding indictment [76] charges Owens with knowingly transporting images of child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1), 2252A(2), and 2256(8)(A) and (B). Count Two charges Owens with knowingly possessing a computer containing images of child pornography that had been shipped in interstate commerce in violation of §§ 2252A(a)(5)(B) and 2256(8)(A). After four days of trial, a jury convicted Owens of Count One and acquitted him as to Count Two. Owens now seeks judgment of acquittal or a new trial as to Count One.

II. Standards

Owens's post-trial motion raises a number of issues under Rules 29 and 33 of the Federal Rules of Criminal Procedure. Under Rule 29(c), the Court may set aside a jury's verdict of guilt if "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment. The standard for reviewing a claim of insufficient evidence is "'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the evidence establishes the essential elements of the crime beyond a reasonable doubt.'" *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004) (quoting *Jackson v. Virginia*, 43 U.S. 307, 319 (1979)).

Rule 33 of the Federal Rules of Criminal Procedure allows the court to "vacate any judgment and grant a new trial if the interest of justice so requires." "The grant of a new trial is necessarily an extreme measure, because it is not the role of the judge to sit as a thirteenth

2

member of the jury." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id*. (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted 'only upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001); *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005) (holding that "[t]he restitution order affected [the defendant's] substantial rights because the outcome of the district court proceedings would have been different if the error had not occurred").

Unlike a motion for judgment of acquittal, the court may weigh the evidence and assess the credibility of witnesses with respect to a motion for new trial. *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982)). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1118. "Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE & PROCEDURE § 556 (3d ed. 2004). Based on the applicable standards, the Court finds that neither acquittal nor a new trial is warranted in this case.

III.     Analysis[1]

Owens's motion includes a number of generic assertions, including (1) a general renewal of all pretrial and trial motions; (2) claims that the Court erred in admitting unidentified evidence offered by the Government and excluding unidentified evidence proffered by Owens; (3) claims that the Court erred in failing to sustain all of Owens's objections to jury instructions; and (4) claims that the Court erred in failing to give all of Owens's proffered instructions.  These portions of the motion are too general to address, and the Court therefore denies the motion as to these alleged errors for the reasons stated on the record when the issues they encompass arose at trial.  The more particular objections raised in Owens's motion will be addressed in turn.

    A.    Verdict Against the Overwhelming Weight of Credible Evidence and Applicable Law

As noted above, Count One charged Owens with transferring images of child pornography from Yahoo! Photos to Photobucket in violation of § 2252A(a)(1).  Section 2252A(a)(1) makes it a crime to "knowingly mail[], or transport[] or ship[] using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography."

Certain elements are not seriously disputed.  First, the boys depicted in the images migrated from Owens's Yahoo! Photos account to his Photobucket account were obviously minors, and federal agents confirmed that two of the victims had been identified and were eight

---

[1] Before addressing Defendant's arguments, the Court notes that it will not endeavor to catalog all of the evidence that was presented during trial.  In addition, the Court has already ruled on many of the issues raised in this motion, the rulings are stated in detail on the record, and those rulings will be incorporated rather than repeated in full.

4

years old.  Second, the depictions (which included intercourse) constitute pornography as defined by the statute.  Finally, the images were transported in interstate commerce.

Although these elements are easily established, the issue at trial focused on whether Owens knowingly transported the images.  As to this element, the jury had ample evidence to convict as to Count One, including the following:

- Owens's confession that he saved child pornography at Yahoo! Photos;

- Records from Yahoo! Photos documenting that the images it migrated to Photobucket (and that were later found on Owens's computer) were originally uploaded during the time period Owens admitted storing child pornography in his Yahoo! Photos account;

- Owens's three inconsistent accounts of the origins of the child pornography stored in his Yahoo! Photos account;

- Testimony that the static IP address for the images matched the computer system at Owens's place of employment;

- Testimony from a representative of Yahoo! Photos that migrations required authorization from the user;

- Testimony from a representative of Yahoo! Photos that they did not migrate images without a request;

- Testimony from representatives of Yahoo! Photos and Photobucket that both accounts were password protected and that the user must select the destination and then correctly input the passwords for both accounts before migration occurs;

- The absence of anyone other than Owens who knew both account names and passwords;

- Testimony from all of Owens's co-workers that they did not request the migration or view images on his computer;

- Testimony from FBI Agent Justin Newsome that, in 2008, Owens provided the correct Yahoo! Photos password that would be necessary to migrate the images, despite Owens's contention that he had not accessed the account in several years;

- Testimony from Owens's expert that billions of images were migrated and from a representative of Photobucket that there were no reports of anyone receiving the wrong pictures or having pictures migrated without their request;

- Evidence of a consciousness of guilt, including (1) testimony that Owens destroyed key records and (2) testimony that Owens asked a co-worker to provide an alibi the co-worker thought was not accurate.

Later in his motion, Owens makes a more precise argument, contending that the Government failed in its burden of showing that he knowingly transmitted the images *from the computer* in question *on the date* in question. Def.'s Mot. ¶ 10. This too falls short. The evidence established that the illegal migration of images occurred on October 1, 2007, a day Owens claims to have been away from work and away from his work computer. First, credible evidence that the jury was free to believe suggests that he was at work on that day and attempted to fabricate an alibi. Second, even if he was away, it appears that the request to migrate could come from any computer, provided the user knew the passwords for both the Yahoo! Photos and Photobucket accounts. Finally, Owens's own expert agreed that the migration would not necessarily occur on the same day it was requested. Thus, Defendant's absence or presence at work on the migration date proves little. Relief under Rules 29 and 33 is not warranted.

B. Other Acts Evidence

Owens repeats his pretrial objection to evidence of acts that predate the migration in October 2007. He argues this point from various angles in paragraphs 11, 13, and 14 of his motion but fails to list the specific instances about which he complains. Based upon his motion in limine and objections at trial, the Court assumes Owens's post-trial motion relates to evidence that he stored images of child pornography at the Yahoo! Photos account several years before the migration.

Prior to trial, the Court considered the matter after an evidentiary hearing and concluded that the evidence was intrinsic because it was a necessary predicate to explain how the migrated images came into Owens's possession. *See United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) ("Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.").[2]

The Court then concluded that, even if certain evidence might be viewed as extrinsic, it would survive the *Beechum* test. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978). Significantly, a number of Fifth Circuit cases have held that possession of pornographic images other than those reflected in the indictment is admissible and probative of issues other than character, such as intent, lack of mistake, knowledge, and the like. *See, e.g.*, *United States v. Goff*, 155 F. App'x 773, 776 (5th Cir. 2005); *United States v. Layne*, 43 F.3d 127, 133-34 (5th Cir. 1995). Having now heard the evidence at trial, there can be no doubt that Owens squarely argued mistake and lack of intent. The evidence of his experiences in child pornography prior to the migration is therefore highly probative of something other than character, and that probative value is not outweighed by unfair prejudice. Fed. R. Evid. 403, 404(b).

Finally, even though the other acts evidence was admissible, the Court took precautions to prevent the jury from concluding that, if Owens saved child pornography in the past, then he must have possessed it as charged. For example, the Court allowed Owens to submit a limiting

---

[2]The Court's September 16, 2009 order [73] provides a detailed and still relevant analysis of these issues.

instruction that was given on several occasions during trial. Moreover, the Court gave a modified Rule 404(b) instruction explaining the proper and improper uses of this evidence. "[J]uries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993). In this case, the jury's acquittal on Count Two (possession of a computer containing images of child pornography) is strong proof that it did not improperly consider the evidence.

      C.      Failure to Suppress Confession

Owens moved in limine to exclude two separate statements to FBI Agent Justin Newsome. After a full evidentiary hearing on September 8, 2009, the Court ruled from the bench and denied Owens's motion, which sought first to exclude the statements in their entirety. In reaching this decision, the Court rejected Owens's claim that Agent Newsome told him he did not need an attorney. This factual ruling was based on a credibility assessment after hearing both men testify. The Court also ruled that the statements were made in a non-custodial setting and were not the result of coercion. Accordingly, the Court denied the motion to exclude the totality of Owens's statements to Agent Newsome and provided a detailed legal analysis as to a range of issues presented in Owens's motion in limine. The following week, the Court entered a written order [73] addressing Owens's argument that, if the statements are not entirely excluded, then specific portions of them should be. The Court granted the motion in part and denied it in part.

Owens's present motion fails to identify which portions of the rulings were in error or provide any legal analysis to support his contentions. *See* Def.'s Mot. ¶ 12. Rather than speculate as to the more precise matters about which he now complains, the Court will merely

adopt its detailed bench rulings and its order [73] herein by reference, as there is no indication that those rulings were in error.[3]

　　　D.　Inconsistent Verdict

Owens claims that the images found on his work computer were in "the temporary internet files/free space therefore not possessed. Without such possession there can be no distribution." Def.'s Mot. ¶ 15. This argument misconstrues the verdict.

Count One of the indictment charges Owens with transmitting the images found in his Yahoo! Photos account. Count Two charges him with possessing a computer containing images of child pornography. Evidence at trial demonstrated that images could be transmitted from one account to another without being saved on the Internet free space of the transferring computer. Thus, although some of the images found on the Internet free space of Owens's work computer overlap with the migrated images, the transfer charged in Count One does not necessarily rely on the same possession that supports Count Two. In other words, the Government elected not to charge Owens with constructive possession of the images of child pornography that were found in his Yahoo! Photos account and migrated to his Photobucket account. *See United States v. Layne*, 43 F.3d 127, 131 (5th Cir. 1995) (holding that possession of child pornography may be actual or constructive). Thus, there was nothing inconsistent in the jury's verdict that Owens

---

[3]The Court does not recall a timely objection on this and other issues at trial. The record will eventually reflect whether objections were made when the evidence was introduced. If not, then the pretrial objections were waived. *See Wilson v. Waggener*, 837 F.2d 220, 222 (5th Cir. 1988) ("In order to preserve the admission of evidence as error for appellate review, an objection must be made at trial. A motion in limine is insufficient to meet this requirement. A party whose motion in limine is overruled must renew his objection *when the evidence is about to be introduced at trial*. [By failing to object to an evidentiary issue at trial, plaintiff] has not preserved this issue for appellate review." (emphasis added) (internal citation omitted)).

directed the transmission of the images in his Yahoo! Photos account while also finding that he did not knowingly possess the images found on the Internet free space of his work computer.

E. Emails

Owens claims that the Court erred in admitting instant messages identified by witness Fran Busby claiming that she was not qualified to authenticate or sponsor the same. Def.'s Mot. ¶ 16. Busby testified that she received instant messages from Owens's user name on October 1, 2008, the date Yahoo! Photos migrated child pornography. The records were introduced to rebut Owens's alibi evidence on that date. Busby first verified that she received the instant messages reflected in the exhibit and that they were sent under Owens's user name. She then testified that she worked with Owens over the years; that they often communicated in this manner; that he was the only one in his office with detailed knowledge of the subject matter discussed in the messages (something confirmed by others); and that when others would use Owens's user name, they would identify themselves. Rule 901 requires authentication through "evidence sufficient to support a finding that the matter in question is what its proponent claims." The testimony was sufficient to authenticate the exhibit.

However, even if the Court erred, the error was harmless and would not affect Owens's substantial rights. The messages were offered to show that Owens was at work on October 1, 2008. As stated above, all of the witnesses, including Owens's expert, agreed that migration would not necessarily occur on the same date that the request was made. Thus, the emphasis on Owens's presence in the office on that precise morning is misplaced. The request could have been made two days earlier.

IV.     Conclusion

For the reasons stated above, the Court finds there is sufficient evidence to sustain the jury's verdict.  Defendant's motion for judgment of acquittal or a new trial is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE